Marcus G. Christ, J.
The petitioner by writ of habeas corpus attacks the jurisdiction of the District Court of Nassau County to convict him and cause him to he imprisoned. It is claimed that the acts complained of as set forth in the information do not constitute a crime under section 43 of the Penal Law. The information states that “ the defendant did wilfully, wrongly and unlawfully violate the provisions of section 43 of the Penal Law of the State of New York in that the said defendant acted in a manner which openly outraged public decency ’ ’. This language charges a crime and gave the court *818 jurisdiction to try the issues relating to it. There was a plea of not guilty, a motion to dismiss the information which was denied and a subsequent trial before a court and jury which resulted in defendant’s conviction. The questions here sought to be determined by writ of habeas corpus may be raised upon an appeal to the County Court. The issues involve the sufficiency of the information not as to jurisdiction but as to whether, in fact, a crime has been committed. The whole record of the trial will need to be reviewed and that- must be done by an appeal and is not to be summarily determined by writ of habeas corpus. There would appear to be issues of substance to be disposed of on an appeal and pending such disposition an application for a certificate of reasonable doubt might well be appropriate. A writ of habeas corpus will be sustained only where there has been a clear failure of jurisdiction and where there is no record of trial on the factual issues to be considered on appeal (People ex rel. Prudhomme v. Superintendent of N. Y. State Reformatory for Women, 21 N. Y. S. 2d 563). The writ is dismissed.